**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **CAMEL ENERGY, INC.,**<br><br>　　Plaintiff,<br><br>v.<br><br>**UNITED STATES, ET AL.,**<br><br>　　Defendant. | Before: Claire R. Kelly, Judge<br><br>Court No. 25-00420 |

**ORDER ON MOTION TO EXPEDITE AND JOINT PROPOSED SCHEDULING ORDER**

　　Plaintiff Camel Energy, Inc. commenced this matter on December 8, 2025, to challenge Customs and Border Protection's ("CBP") exclusion of forty-three shipments of Plaintiff's merchandise from entry into the United States under the Uyghur Forced Labor Prevention Act. See ECF No. 2. On December 22, 2025, Plaintiff Camel Energy moved for expedited treatment and an expedited briefing schedule in this matter, pursuant to USCIT Rule 3(g)(3). See ECF No. 13.

　　On December 23, 2025, during a telephone conference with the Court, see ECF No. 17, in lieu of a written response to Plaintiff's motion for expedite briefing, Defendants replied telephonically, agreeing to an expedited schedule but proposing alternative dates for discovery and dispositive motions. See ECF No. 17. During the telephone conference, see ECF No. 17, the parties agreed to re-confer to come to an agreement on a proposed briefing schedule.

Subsequently, the Parties conferred and filed a joint proposed briefing schedule on December 23, 2025 that reflects their agreement to bifurcate the litigation in this matter into two phases. See ECF No. 18. The parties have agreed that "phase one" of this matter will incorporate the underlying statutory question regarding whether good cause existed for CBP's deemed exclusion of the subject merchandise. See ECF No. 18 (citing 19 U.S.C. § 1499(c)(5)(C); 19 C.F.R. § 151.16(i); Root Scis., LLC v. United States, 543 F. Supp. 3d 1358, 1365–66 (Ct. Int'l Trade 2021)). Phase two of the litigation will address the remaining issues on the merits of the admissibility of the subject merchandise. See ECF No. 18.

Upon consideration of Plaintiff's motion to expedite and the parties' joint proposed scheduling order it is

**ORDERED** that Plaintiff's motion to expedite is granted; and it is

**ORDERED** that

1. Defendants shall file their answer on or before Monday, January 12, 2026;

2. Initial Disclosures, pursuant to USCIT Rule 26(a)(1)(A) shall be exchanged on or before Tuesday, January 20, 2026;

3. Any motions on the pleadings or other preliminary matters shall be filed on or before Monday, February 2, 2026;

4. Responses to motions on the pleadings shall be filed within five business days of the motion being filed;

5. Replies to responses to motions on the pleadings shall be filed within three business days of the response being filed;

6. Fact discovery shall be completed by Monday, April 13, 2026;

7. All dispositive motions, if any, shall be filed on or before Monday, May 4, 2026. No cross motions in response to a dispositive motion will be allowed;

8. Responses to dispositive motions shall be filed within seven business days of the motion;

9. Replies to responses to dispositive motions shall be filed within five business days of the response;

10. If no dispositive motions are filed, a request for trial, if any, accompanied by a proposed order governing preparation for trial, shall be filed on or before Monday, May 11, 2026;

11. If a dispositive motion is filed, a request for trial, if any, accompanied by a proposed order governing preparation for trial, shall be filed no later than ten business days after the Court's order disposing of the dispositive motion; and

12. If necessary, trial will begin at a time and place ordered by the Court; and it is further

**ORDERED** that upon the Court's judgment on the issues in phase one, the matter shall be stayed for seven days; and it is further

**ORDERED** that the parties shall file a joint status report within seven days of the Court's judgment in phase one.

/s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated:    December 23, 2025
          New York, New York