IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

_____

|  |  |  |
|---|---|---|
| CAMEL ENERGY, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Court No. 25-00420 |
| | : | |
| UNITED STATES OF AMERICA and | : | |
| UNITED STATES CUSTOMS AND | : | |
| BORDER PROTECTION, | : | |
| | : | |
| Defendant. | : | |
_____ :

## ANSWER TO THE COMPLAINT

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States, defendant, responds to the allegations of plaintiff, Camel Energy, Inc., as follows:

1.	Admits that this allegation consists of a statement of plaintiff's legal claim, but denies its validity.  Further denies that U.S. Customs and Border Protection ("CBP") made a decision to exclude plaintiff's shipments.

2.	As to the first and second sentences, denies the allegations for lack of knowledge or information sufficient to form a belief as to their truthfulness.  As to the third sentence, the allegation consists of legal argument and/or conclusions of law to which no response is required.  To the extent it may be deemed an allegation of fact, admits that CBP did not make an admissibility determination for the entries listed on the Summons, and admits the remainder of the allegation to the extent supported by the cited court opinion, but denies any inference that plaintiff's burden of proof with respect to the admissibility of the merchandise switches to CBP.  As to the last sentence, the allegations consist of legal argument and/or conclusions of law to which no response is required.

3. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.

4. Denies the allegation for lack of knowledge or information sufficient to form a belief as to its truthfulness.

5. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.

6. Admits.

7. Admits.

8. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.  To the extent it may be deemed an allegation of fact, admits to the extent supported by U.S. Court of International Trade (USCIT) Rule 4(h), but otherwise denies.

9. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.  To the extent it may be deemed an allegation of fact, admits to the extent supported by USCIT Rule 4(h)(1) and the CBP publication cited, but otherwise denies.

10. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.  To the extent it may be deemed an allegation of fact, denies that the allegation accurately sets forth the contents of 19 U.S.C. § 1499.

11. Admits the first sentence.  The allegation in the second sentence consists of legal argument and/or conclusions of law to which no response is required.  To the extent it may be deemed an allegation of fact, admits to the extent supported by the Uyghur Forced Labor Prevention Act (UFLPA), but otherwise denies.

12. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits to the extent supported by the UFLPA and 19 U.S.C. § 1307, but otherwise denies.

13. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits that U.S. Customs and Border Protection (CBP) may detain merchandise that it believes is subject to the UFLPA, but otherwise denies.

14. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits to the extent supported by 19 U.S.C. § 1499, but otherwise denies.

15. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits to the extent supported by 19 U.S.C. § 1499, but otherwise denies.

16. The allegation in the body of this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits that, in response to a detention notice, an importer may submit arguments and evidence to CBP showing that the detained merchandise is not subject to the UFLPA, but otherwise denies. As to the allegations in footnote 1, denies the allegation in the first sentence for lack of knowledge or information sufficient to form a belief as to its truthfulness, and denies the remainder of the allegations in footnote 1.

17. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, denies.

18. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, denies.

19. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits to the extent supported by 19 U.S.C. § 1514 and 19 C.F.R. § 174.11, but otherwise denies.

20. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits to the extent supported by 19 U.S.C. § 1514, but otherwise denies.

21. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits the accuracy of the quotation to the extent supported by 19 C.F.R. § 174.21, but otherwise denies.

22. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits to the extent supported by 19 C.F.R. § 174.21, but otherwise denies.

23. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits to the extent supported by 19 C.F.R. § 151.16, but otherwise denies.

24. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits to the extent supported by the cited court opinion, but otherwise denies. Further denies

any inference that plaintiff's burden of proof with respect to the admissibility of the merchandise switches to CBP.

25.	Denies the allegation in this paragraph for lack of knowledge or information sufficient to form a belief as to its truthfulness.

26.	Denies the allegation in the first sentence for lack of knowledge or information sufficient to form a belief as to its truthfulness. Denies the second sentence for lack of knowledge or information sufficient to form a belief as to its truthfulness. It is unclear to which "190 separate shipments" plaintiff is referring.

27.	Admits that plaintiff has responded to notices of detention and protested notices of exclusion with regards to more than 110 shipments and that CBP has not made a decision whether the merchandise in those shipments is subject to the UFLPA, but denies for lack of knowledge or information sufficient to form a belief as to which shipments this allegations pertains. Denies the remainder of this allegation for lack of knowledge or information sufficient to form a belief as to its truthfulness.

28.	Admits that Exhibit A to the Complaint contains information concerning the entries that were summonsed in the case but denies that it provides identifying information about "43 total entries."

29.	Admits that the entries identified in Exhibit A to the complaint include entries that were detained at the ports of Dallas, Memphis, San Francisco, Tampa, and New York, but otherwise denies.

30.	Admits that the entries identified in Exhibit A to the complaint were detained between August 21, 2025, and September 18, 2025, but otherwise denies.

31.	As to the first sentence, admits to the extent supported by Exhibit B to the

5

Complaint, but otherwise denies. As to the second sentence, denies that there are 42 additional entries in this case, and denies the remainder of the allegation for lack of knowledge or information sufficient to form a belief as to its truthfulness.

32. Admits that defendants are in possession of Notice of Detention for the entries identified in Exhibit A to the Complaint but denies that there are 43 entries at issue in this action.

33. Admits to the extent supported by the Notices of Detention, but otherwise denies.

34. Admits to the extent supported by the Notices of Detention, but otherwise denies.

35. Admits that plaintiff is not and has not been on the UFLPA entity list. Denies the remainder of the allegation for lack of knowledge or information sufficient to form a belief as to its truthfulness.

36. Denies that there are 43 entries at issue in this action, and denies the remainder of the allegation for lack of knowledge or information sufficient to form a belief as to its truthfulness.

37. Denies the allegation in this paragraph for lack of knowledge or information sufficient to form a belief as to its truthfulness.

38. Denies the allegation in this paragraph for lack of knowledge or information sufficient to form a belief as to its truthfulness.

39. As to the first sentence, admits that plaintiff filed a response to the detentions for each of the entries identified in Exhibit A to the Complaint, and otherwise denies. As to the second sentence, admits that Exhibit A to the Complaint includes alleged dates of submissions, but denies that Exhibit A to the Complaint identifies 43 entries and that the alleged dates are correct.

40. As to the first sentence, admits to the extent supported by Exhibit C to the

Complaint, but otherwise denies. As to the second sentence, denies that there are 42 additional entries in this case, and otherwise denies for lack of knowledge or information sufficient to form a belief as to its truthfulness.

41. Admits that defendants are in possession of responses for the entries identified in Exhibit A to the complaint but denies that there are 43 entries at issue in this action.

42. Admits that CBP did not make an admissibility decision on the entries at issue in this action, denies that there are 43 entries at issue in this action, and denies the remainder of the allegation.

43. The allegation in this paragraph consists of legal argument and/or conclusion of law to which no response is required.

44. As to the first sentence, admits that plaintiff filed 42 protests challenging the exclusion of the merchandise in the entries listed in Exhibit A to the Complaint. As to the second sentence, admits that Exhibit A to the Complaint includes alleged protest dates for the entries identified in that exhibit, but denies that there are 43 entries at issue in this action and that the alleged protest dates in Exhibit A are correct.

45. As to the first sentence, admits to the extent supported by Exhibit D to the Complaint, and otherwise denies. As to the second sentence, denies that there are 42 additional entries in this case, and otherwise denies the allegation for lack of knowledge or information sufficient to form a belief as to whether Exhibit D is "exemplary" of the other Form 19 Protests plaintiff sent to CBP about the Entries listed in Exhibit A.

46. Admits that defendants are in possession of protests identified in Exhibit A to the complaint but denies that there are 43 entries at issue in this action.

47. Admits.

48. The allegation in this paragraph consists of legal arguments and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits that plaintiff submitted arguments, documents, and alleged evidence related to the entries identified in Exhibit A to the Complaint with its protests, but otherwise denies.

49. Admits that CBP did not respond to plaintiff's request for evidence, but otherwise denies.

50. The allegation in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits that CBP did not provide a decision on plaintiff's protests concerning the entries identified in Exhibit A to the Complaint within 30 days of when they were filed, but otherwise denies.

51. Denies.

52. Denies that CBP refuses to engage with plaintiff regarding the merits of its protests. The remainder of the allegation in this paragraph consists of legal arguments and/or conclusions of law to which no response is required.

53. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. Denies any inference that plaintiff's burden of proof with respect to the admissibility of the merchandise switches to CBP.

54. The responses to the allegations in paragraphs 1 through 53 are incorporated by reference as though fully set forth herein.

55. Admits that, between August 21 and September 18, 2025, CBP detained the entries listed in Exhibit A to the Complaint under 19 U.S.C. § 1499(c), but otherwise denies.

56. Admits that plaintiff submitted responses to CBP's detention notices for the

entries listed in Exhibit A to the Complaint, which included letters and documents, but otherwise denies.

57. Admits that CBP did not make an admissibility decision on the entries identified in Exhibit A to the Complaint within 30 days of plaintiff's submission of its responses to the notices of detention, but otherwise denies.

58. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.

59. The allegation in the first sentence consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits that plaintiff filed protests for the entries identified in Exhibit A to the Complaint, but otherwise denies. As to the second sentence, admits that Exhibit A includes dates for each protest and assigned protest numbers, but denies that the information in Exhibit A is accurate.

60. Admits that CBP did not decide the protests for the entries identified in Exhibit A to the Complaint within 30 days of the submission of the protests, but otherwise denies.

61. The allegation in this paragraph consists of legal arguments and/or conclusions of law to which no response is required.

62. The allegation in this paragraph consists of legal arguments and/or conclusions of law to which no response is required. Denies any inference that plaintiff's burden of proof with respect to the admissibility of the merchandise switches to CBP.

63. The allegation in this paragraph consists of legal arguments and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, denies.

64. The allegation in this paragraph consists of legal arguments and/or conclusions of

law to which no response is required. To the extent it may be deemed an allegation of fact, admits that plaintiff is not on the UFLPA entity list, but otherwise denies.

* * *

WHEREFORE, defendant respectfully requests that judgment be entered dismissing this action, overruling plaintiff's claim, sustaining the decision of the appropriate U.S. Customs and Border Protection official, and granting defendant such other and further relief as may be just and appropriate.

                Respectfully submitted,

                BRETT A. SHUMATE
                Assistant Attorney General

                PATRICIA M. McCARTHY
                Director

                JUSTIN R. MILLER
                Attorney-In-Charge

By: /s/ Mathias Rabinovitch
    MATHIAS RABINOVITCH
    Trial Attorney
    Department of Justice, Civil Division
    Commercial Litigation Branch
    26 Federal Plaza – Suite 346
    New York, New York 10278
    Tel. (212) 264-0484
    *Attorneys for Defendant*

Dated: January 12, 2026