CAMEL ENERGY, INC.,

        Plaintiff,

v.

UNITED STATES OF AMERICA and
UNITED STATES CUSTOMS AND
BORDER PROTECTION,

Defendants.

Case No.: 25-00420

Hon. Claire R. Kelly

---

### CONSENT MOTION FOR ORDER TO LIFT ORDER OF TEMPORARY RELIEF

Pursuant to and in compliance with USCIT Rule 7 and 28 U.S.C. § 2643, Plaintiff Camel Energy, Inc. ("Camel" or "Plaintiff") respectfully asks this Court to lift its December 24, 2025 Order of Temporary Relief (ECF 21) that provides: "Defendant [U.S. Customs and Border Protection ("CBP")] and its officers, employees, and agents shall not take any action seizing, destroying, harming, molesting, requiring or otherwise forcing export or re-export, or otherwise disturbing the present status quo of the entries subject to the above captioned litigation and identified in ECF Nos. 8 and 8-1." ECF 21. On March 26, 2026, counsel for Plaintiff and Defendants conferred, and counsel for Defendants Mathias Rabinovitch indicated they consented to the relief sought.

Pursuant to 28 U.S.C. § 2643, this Court may "order any other form of relief that is appropriate in a civil action, including, but not limited to, declaratory judgments, orders of remand, injunctions, and writs of mandamus and prohibition." 28 U.S.C. § 2643(c)(1). This "is a general grant of authority for the Court of International Trade to order any form of relief that it deems

appropriate under the circumstances." *United States v. Mizrahie*, 606 F. Supp. 703, 707 (Ct. Int'l Trade 1985) (internal citation omitted).

On December 24, 2025, after concerns that Defendant CBP would disturb or destroy the entries subject to this litigation, Plaintiff filed an unopposed motion seeking temporary relief. *See* ECF 20. Specifically, Plaintiff sought an order directing CBP and its officers, employees, and agents to maintain the *status quo* with respect to Plaintiff's merchandise subject to the litigation. <u>Id</u>. On the same day, this Court granted Plaintiff's motion and issued an order directing Defendant CBP to maintain the *status quo* of the entries ("Order"). ECF 21. While the Order was necessary at that time, as of today, Plaintiff and Defendants are close to finalizing a stipulated judgment to bring a conclusion to this matter and the integrity of the entries are no longer a concern. Given the status of this case, both Plaintiff and Defendants agree that lifting the Order and releasing the entries while the parties finalize the language is in the best interest of preserving the time and resources of the parties and the Court, and granting of this motion would allow the parties to focus on finalizing their stipulated judgment.

The relief requested in this motion does not moot the case and does not waive or otherwise affect Plaintiff's right to seek declaratory judgment, as requested in its Complaint and as evidenced by both parties' intent to finalize and enter a stipulated judgment on the facts to resolve this matter.

**<u>RELIEF REQUESTED</u>**

For the above-described reasons, Plaintiff respectfully requests the Court grant this consented-to motion and enter the proposed order lifting the Order (ECF 21).

Respectfully submitted,

*/s/ Jacob L. Clark*
Jacob L. Clark
Mark V. Heusel
Daniel C. Ziegler
DICKINSON WRIGHT PLLC
350 S. Main Street
Suite 300
Ann Arbor, MI 48104
Tel: (734) 623-1624
Email: jlclark@dickinson-wright.com
*Attorneys for Plaintiff Camel Energy, Inc.*

DATED: March 26, 2026

<strong>IN THE UNITED STATES<br>COURT OF INTERNATIONAL TRADE</strong>

CAMEL ENERGY, INC.,

    Plaintiff,

v.

UNITED STATES OF AMERICA and
UNITED STATES CUSTOMS AND
BORDER PROTECTION,

Defendants.

Case No.: 25-00420

Hon. Claire R. Kelly

---

<strong>[PROPOSED] ORDER GRANTING<br>CONSENT MOTION FOR ORDER TO LIFT ORDER OF TEMPORARY RELIEF</strong>

Upon consideration of Plaintiff's Consent Motion for Order to Lift Order of Temporary Relief, the Court **GRANTS** the Plaintiff's Consent Motion for Order to Lift Order of Temporary Relief and hereby **LIFTS** the Court's December 24, 2025 order prohibiting Defendant CBP and its officers, employees, and agents shall not take any action seizing, destroying, harming, molesting, requiring or otherwise forcing export or re-export, or otherwise disturbing the present *status quo* of the entries subject to the above captioned litigation and identified in ECF 8 and 8-1. This Order shall in no way prejudice Plaintiff's right to seek declaratory judgment and/or a stipulated judgment of facts.

This Order is not final and does not close the case.

**SO ORDERED.**

/s/_____
Judge Claire R. Kelly

Dated: _____
   New York, New York